FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2023 AUG -3 AM 10: 51

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.   Case No. 3:23-cr-118-MMH-MCR
    18 U.S.C. § 371

SCHUYLER RICHMOND ELLIOTT

## INFORMATION

The United States Attorney charges:

### COUNT ONE

A. Introduction

At all times material to this Information:

1. Medicare was a federally funded health care benefit program that provided medical coverage for persons age 65 and over and for persons under age 65 who suffer from certain disabilities.

2. Medicare was a "health care benefit program" as defined in 18 U.S.C. § 24(b) and a "Federal health care program" as defined in 42 U.S.C. § 1320a-7b(f).

3. "Durable Medical Equipment" ("DME") is equipment or supplies ordered by a health care provider for everyday or extended use.

4. Medicare is divided into four parts: A, B, C, and D.  Part B provides supplementary medical insurance benefits that cover certain doctors' services, outpatient care, preventive services, and medical supplies, including DME.

5.   The defendant, SCHUYLER RICHMOND ELLIOTT, was the owner and operator of Hope Healthcare, LLC, which was incorporated on or about August 18, 2021, and which had its principal place of business in Jacksonville, in the Middle District of Florida.

B.   Charge

Beginning in or about August 2021 and continuing through in or about February 2023, in the Middle District of Florida, and elsewhere, the defendant,

SCHUYLER RICHMOND ELLIOTT,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly and willfully pay and offer to pay remuneration, by kickback, bribe, and rebate, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual for the furnishing and arranging for the furnishing of an item and service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A).

C.   Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, but were not limited to, the following:

1. The defendant enrolled Hope Healthcare with Medicare as a participating provider that would provide DME to Medicare beneficiaries under Part B.

2. The defendant entered into an agreement with a marketing company whereby the company would provide prescriptions for DME for Medicare beneficiaries that Hope Healthcare would fill.

3. The marketing company hired and paid persons to recruit Medicare beneficiaries through telemarketing—which was unlawful under Medicare rules and regulations—to receive DME, specifically, right and left ("bilateral") wrist/hand orthotics.

4. The telemarketers told the beneficiaries that they would not have to pay anything for the DME.

5. The beneficiaries were not suffering from any medical condition that the DME would have treated or relieved; that is, the DME was not medically necessary.

6. The conspirators forged the signatures of physicians on prescriptions for the provision of the DME to the beneficiaries recruited by the telemarketers.

7. The physicians whose signatures were forged on the prescriptions had not actually prescribed the DME for the beneficiaries.

8. After the conspirators recruited the beneficiaries and forged the prescriptions, the beneficiary information and prescriptions were provided to Hope Healthcare, which shipped the DME to the beneficiaries.

9. Hope Healthcare did not charge and collect any co-payment from the beneficiaries, which, unknown to the beneficiaries, was an unlawful inducement under Medicare rules and regulations.

10. Hope Healthcare billed Medicare for the DME provided to the recruited beneficiaries and Medicare paid Hope Healthcare the allowed reimbursement amount.

11. The defendant paid the owners and operators of the marketing company a portion of the revenue from the scheme—that is, an illegal kickback—in exchange for their providing the beneficiary information and prescriptions.

### D.  Overt Acts

In furtherance of the conspiracy and to effectuate the objects thereof, the following overt acts, among others, were committed within the Middle District of Florida and elsewhere:

1. In or about October 2022, the defendant submitted or caused to be submitted claims to Medicare, on behalf of Hope Healthcare, for the provision of bilateral wrist/hand orthotics for a Medicare beneficiary with the initials T.G. for a total billed amount of approximately $1,231.60, for which Hope Healthcare was subsequently reimbursed a total of approximately $804.66 by Medicare.

2. In or about October 2022, the defendant submitted or caused to be submitted claims to Medicare, on behalf of Hope Healthcare, for the provision of bilateral wrist/hand orthotics for a Medicare beneficiary with the initials S.S. for a total billed amount of approximately $1,195.56, for which Hope Healthcare was subsequently reimbursed a total of approximately $781.10 by Medicare.

3. In or about November 2022, the defendant submitted or caused to be submitted claims to Medicare, on behalf of Hope Healthcare, for the provision of bilateral wrist/hand orthotics for a Medicare beneficiary with the initials J.M. for a total billed amount of approximately $1,195.56, for which Hope Healthcare was subsequently reimbursed a total of approximately $781.10 by Medicare.

4. In or about November 2022, the defendant submitted or caused to be submitted claims to Medicare, on behalf of Hope Healthcare, for the provision of bilateral wrist/hand orthotics for a Medicare beneficiary with the initials W.S. for a total billed amount of approximately $1,231.60, for which Hope Healthcare was subsequently reimbursed a total of approximately $804.66 by Medicare.

5. In or about November 2022, the defendant submitted or caused to be submitted claims to Medicare, on behalf of Hope Healthcare, for the provision of bilateral wrist/hand orthotics for a Medicare beneficiary with the initials J.W. for a total billed amount of approximately $1,231.52, for which Hope Healthcare was subsequently reimbursed a total of approximately $804.58 by Medicare.

All in violation of 18 U.S.C. § 371.

## FORFEITURE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2), in violation of 18 U.S.C. § 371, the defendant, SCHUYLER RICHMOND ELLIOTT, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture of approximately $250,000, which represents the proceeds obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

        ROGER B. HANDBERG
        United States Attorney

By: _____
        ARNOLD B. CORSMEIER
        Assistant United States Attorney

By: _____
        MICHAEL J. COOLICAN
        Assistant United States Attorney
        Deputy Chief, Jacksonville Division