# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-118-MMH-MCR

SCHUYLER RICHMOND ELLIOTT

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Request for Early Termination of Probation (Doc. 31; Motion), filed on November 19, 2024. On December 3, 2024, the United States filed its Response in Opposition to Defendant's Motion for Early Termination of Probation. (Doc. 32; Response). Upon due consideration, the Motion is due to be denied.

On August 17, 2023, Defendant waived indictment and plead guilty to a one-count information charging him with conspiring to violate 42 U.S.C. § 1320a-7b(b)(2)(A). See Information (Doc. 1); Clerk's Minutes (Doc. 7); Plea Agreement (Doc. 15). The charges arose from Defendant's use of his company to conspire with others to send bilateral wrist/hand orthotics to Medicare beneficiaries that were neither prescribed by a doctor nor requested by the beneficiaries, causing Medicare to reimburse the company. See Presentence Investigation Report (Doc. 23; PSR at 4-5). The conspiracy resulted in a loss to Medicare of $244,645. Id. at 5. In the Presentence Investigation Report,

the Probation Office calculated an advisory Sentencing Guidelines sentence of a term of imprisonment of 8-14 months, based on a total offense level of 11 and a criminal history category of I. See id. at 12. On November 13, 2023, the Court sentenced Defendant to 42 months of probation. See Judgment (Doc. 27). In the Motion, Defendant argues that early termination of probation is warranted because he has paid his restitution in full and has otherwise complied with all terms of his probation. Motion at 1-2.

18 U.S.C. § 3564(c) provides:

**(c) Early Termination.**—The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

As an initial matter, the Court notes that Defendant has completed one year of his felony probation. As such, he is eligible for the early termination of his probation. This, however, is not the sole consideration. The decision to grant early termination of a term of probation or supervised release is discretionary. See United States v. Reagan, 162 F. App'x 912, 914 (11th Cir. 2006) (discussing the early termination of a period of supervised release). While Defendant has complied with the terms of his probation, that conduct is not exceptional

such that it warrants early termination of his probation at this time. See United States v. Smith, No. 3:88-cr-215-J-12, 2010 WL 716495, *2 (M.D. Fla. Feb. 25, 2010) ("The Court is of the opinion that the conduct and rehabilitation efforts described by Defendant while commendable, are not exceptional to the extent that early termination of supervised release is warranted. The Court expects such laudable efforts of all defendants on supervision as part of their re-entry into the community[.]").

Upon review of the Motion, Response, and PSR, and consideration of the applicable law and relevant 3553(a) factors, the Court is not persuaded that Defendant's conduct, or the interest of justice, warrant early termination of his probation. Defendant's advisory guidelines called for a term of imprisonment. Instead of incarcerating Defendant, the Court imposed the 42-month probationary sentence in order to accomplish just punishment, reflect the seriousness of the crime, deter future criminal conduct, and protect the public from further crimes of Defendant. Defendant has completed only 16 months of that probationary period. The Court commends Defendant for his post-sentencing conduct, but he presents no extraordinary basis for the Court to grant early termination of his probationary sentence at this time.

Accordingly, it is

**ORDERED:**

Defendant's Request for Early Termination of Probation (Doc. 31) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on this 19th day of December, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies:
Defendant
Counsel of Record